**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **FLORENCE L. FRENCH, Individually** § | | |
| **And as Representative of the Estate of** § | | |
| **IMER D. NEWMAN, Deceased,** § | | |
| **BONNIE LeROY, CAROLYN NEWMAN,** § | | |
| **LEROY NEWMAN AND JAMES** § | | |
| **NEWMAN** § | | |
| § | | |
| **Plaintiffs,** § | | |
| § | | |
| VS. § | **CIVIL ACTION NO. _____** | |
| § | | |
| **NEXION HEALTH AT MOUNT** § | | |
| **PLEASANT, INC. D/B/A MOUNT** § | | |
| **PLEASANT HEALTHCARE CENTER** § | | |
| § | | |
| § | | |
| **Defendant.** § | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiffs Florence French, Individually and as Representative of the Estate of Imer D. Newman, Deceased, Bonnie LeRoy, Carolyn Newman, Leroy Newman and James Newman file this their Original Complaint, complaining of and against Nexion Health at Mount Pleasant, Inc. d/b/a Mount Pleasant Healthcare Center. For cause of action, Plaintiffs respectfully show the Court the following:

**I.   PARTIES**

1.1   Plaintiff Florence French, an individual, is a citizen of the State of Texas, residing in Mount Pleasant, Titus County, Texas.  Plaintiff Florence French sues in her individual capacity and as the Personal Representative of the Estate of Imer D. Newman.

1.2. Plaintiff Bonnie LeRoy, an individual is a citizen of the State of Texas, residing in Mount Pleasant, Titus County, Texas.  Plaintiff Bonnie LeRoy sues in her individual capacity.

1.3 Plaintiff Carolyn Newman, is a citizen of the State of Texas, residing in Gladewater, Gregg County, Texas.  Plaintiff Carolyn Newman sues in her individual capacity

1.4 Plaintiff Leroy Newman, is a citizen of the State of Texas, residing in Center, Shelby County, Texas.  Plaintiff Leroy Newman sues in her individual capacity.

1.5 Plaintiff James Newman is a citizen of the State of Texas, residing in Mount Pleasant, Titus County, Texas.  Plaintiff James Newman sues in her individual capacity.

1.6 Defendant Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center is a Delaware Corporation maintaining its principal place of business in in the State of Maryland, may be served with process via its Registered Agent, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, Texas 75201.

## II.    JURISDICTION AND VENUE

2.1 This Court has jurisdiction of the claim pursuant to 28 U.S.C. 1332(a) because a complete diversity of citizenship exists and the amount in controversy exceeds $75,000.00.

2.2 This Court has venue pursuant to 28 U.S.C. 1391(a)(2) because a substantial part of the events or omissions giving rise to the claim occurred within the Eastern District of Texas.

## III.    AGENCY / RESPONDEAT SUPERIOR

3.1 Whenever it is alleged in this Petition that Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center did any act or thing, it is also meant that its agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives, including but not limited to nurses, and other nurses/doctors at Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center did such act or thing, and at the time such act or

thing was done it was done with Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center's authorization or was done in the normal routine course of the agency or employment of Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center.

## IV.   FACTS

4.1   On or about December 27, 2010, Imer D. Newman was a patient at Defendant Nexion Health at Mount Pleasant, Inc. d/b/a Mount Pleasant Healthcare Center's nursing home. On or about December 27, 2010, Imer D. Newman developed a urinary tract infection, her urine turned an amber color and had a foul odor. Nurses at Nexion Health at Mount Pleasant, Inc. d/b/a Mount Pleasant Healthcare Center's knew of the change in color and the odor in Ms. Newman's urine and failed to notify a physician.  In the days that followed, Ms. Newman's urinary tract infection went untreated by Nexion Health at Mount Pleasant, Inc. d/b/a Mount Pleasant Healthcare Center, allowing the infection to spread to her bloodstream and throughout her body. Mrs. Newman began having fevers, respiratory complications, a decrease in blood pressure, decreased oxygen saturations, and an altered mental status. Despite this constellation of symptoms, Nexion Health at Mount Pleasant, Inc. d/b/a Mount Pleasant Healthcare Center failed to notify a physician and, as a result, no urinalysis was ordered or conducted on Ms. Newman. Not until January 2, 2011 at approximately 10:02 p.m. did Defendant Nexion Health at Mount Pleasant, Inc. d/b/a Mount Pleasant Healthcare Center make any attempt to treat Ms. Newman's urinary tract infection.  At that time, Defendant Nexion Health at Mount Pleasant, Inc. d/b/a Mount Pleasant Healthcare Center called Titus Regional Medical Center and had Imer D. Newman transported to Titus Regional Medical Center where she finally received treatment for her urinary tract infection. Imer D. Newman died three days later on January 5, 2011, from a blood borne infection caused by the urinary tract infection.

## V. NEGLIGENCE OF NEXION HEALTH AT MOUNT PLEASANT, INC. D/B/A MOUNT PLEASANT HEALTHCARE CENTER

5.1     Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center was negligent and failed to meet the applicable standard of care in the treatment and care of Ms. Imer D. Newman. Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center's negligence in its treatment of Imer D. Newman proximately caused her death, as well as damages alleged herein sustained by Plaintiffs. Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center was negligent in the following particulars, each of which, taken separately or collectively, constitute a direct and proximate cause of the injuries and damages alleged herein:

- A.   Failure to asses and report signs and symptoms of urinary tract infection;
- B.   Failure to timely assess and report fever to a physician;
- C.   Failure to timely assess and report respiratory distress to a physician;
- D.   Failure to timely assess and report a change in mental status to a physician;
- E.   Failure to notify family of fever, respiratory distress and change in mental status;
- F.   Failure to notify family of signs and symptoms of urinary tract infection;
- G.   Failure to demonstrate knowledge of the signs and symptoms of urinary tract infection;
- H.   Failure to appropriately monitor blood pressure;
- I.   Inappropriate administration of antihypertensive medication in a hypotensive patient;
- J.   Failure to maintain oxygen saturations;
- K.   Failure to administer oxygen to a hypoxic patient;
- L.   Failure to monitor oxygen saturation;

    M.    Failure to provide adequate intravenous resuscitation;

    N.    Failure to document patient condition; and

    O.    Inappropriate alteration of facts in patient's medical records.

5.2   Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center was, in all probability, negligent is other respects in addition to the above and foregoing and Plaintiffs reserve the right to amend their pleadings to conform to the information uncovered in the discovery process. In any event, Nexion Health at Mount Pleasant, Inc. D/B/A Mount Pleasant Healthcare Center's negligence proximately caused Imer D. Newman's death and Plaintiffs' damages made the basis of this suit and outlined elsewhere herein.

## VI.   DAMAGES

6.1   This is a suit for injuries and the wrongful death of Imer D. Newman. It is brought pursuant to the provisions of §71.001, *et seq* and §71.021 of the Texas Civil Practice and Remedies Code, known as the Texas Wrongful Death Act, and Texas Survival Statute, respectively. Plaintiffs' cause of action is based on the Defendant's negligence and gross negligence.

### A.   Survival Damages

6.2   In addition to other counts making Defendant liable to Plaintiffs pursuant to the Texas Wrongful Death Act, Defendant is liable to Plaintiff Florence French, in her capacity as Representative of the Estate of Imer D. Newman, for injuries causing damages that Imer D. Newman suffered before she died.

6.3   Pursuant to Texas Probate Code §§ 3(o) and 38, Plaintiff Florence French shows the Court that she, Bonnie LeRoy, Carolyn Newman, Leroy Newman and James Newman are Imer D. Newman's heirs at law and proper intestate beneficiaries. Plaintiff Florence French is

qualified, pursuant to Texas Probate Code §§ 77 and 78, to serve as the administrator of Imer D. Newman's estate. Plaintiff Florence French has qualified and has been appointed as the Independent Administrator of the Estate of Imer D. Newman, and appears herein not only in her individual capacity, but as representative of the Estate of Imer D. Newman.

6.4     Imer D. Newman did not die instantly as the result of negligence and wrongful acts and/or omissions of the Defendant. Before dying, Imer D. Newman had claims which she could have asserted against Defendant had she lived.

6.5     Defendant's wrongful and negligent acts and/or omissions proximately caused Imer D. Newman's pre-death damages, which include, but are not limited to past physical pain and suffering and past mental anguish. As the personal representative, Plaintiff Florence French is entitled to collect on behalf of Imer D. Newman's estate, compensation for damages suffered by the Estate as follows:

   a.   As a direct and proximate result of Defendants' wrongful and negligent acts and/or omissions, Imer D. Newman suffered a fatal infectious process. Ms. Newman suffered excruciating and debilitating pain and agony until succumbing the urinary tract infection. Plaintiff Florence French, as Representative of the Estate of Imer D. Newman, seeks recovery of Imer D. Newman's past medical expenses, damages for past physical pain and suffering and past mental anguish;

   b.   Imer D. Newman was buried in a manner reasonably suitable to her station in life. Plaintiff Florence French, as Representative of the Estate of Imer D. Newman, is entitled to compensation for damages in the nature of the reasonable amount of expenses for funeral and burial for Imer D. Newman.

### B.     Wrongful Death Damages of Florence French

6.6     Florence French is the surviving daughter of decedent, Imer D. Newman. As a direct and/or proximate result of Imer D. Newman's death, Florence French has suffered damages in the past and, in all reasonably probability, will continue to suffer damages in the future, as follows:

      a.     Damages in the nature of past and future pecuniary loss resulting from the death of her mother, Imer D. Newman. These damages include the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that Florence French would, in all reasonable probability, have received from Imer D. Newman had she lived.

      b.     Damages in the nature of past and future loss companionship and society and damage to the parent-child relationship. These damages include the loss of benefits flowing from the love, comfort, companionship and society that Florence French, in reasonable probability, would have received from Imer D. Newman, had she lived.

      c.     Damages in the nature of past and future mental anguish. These damages include the emotional pain, torment and suffering that Florence French experienced in the past and that, in reasonable probability, she will suffer in the future resulting from the tragic and untimely death of her mother, Imer D. Newman.

6.7     By reason of the above and foregoing, Florence French has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### C. Wrongful Death Damages of Bonnie LeRoy

6.8     Bonnie LeRoy is the surviving daughter of decedent, Imer D. Newman. As a direct and/or proximate result of Imer D. Newman's death, Bonnie LeRoy has suffered damages in the past and, in all reasonably probability, will continue to suffer damages in the future, as follows:

      d.     Damages in the nature of past and future pecuniary loss resulting from the death of her mother, Imer D. Newman. These damages include the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that Bonnie LeRoy would, in all reasonable probability, have received from Imer D. Newman had she lived.

      e.     Damages in the nature of past and future loss companionship and society and damage to the parent-child relationship. These damages include the loss of benefits flowing from the love, comfort, companionship and society that Bonnie LeRoy, in reasonable probability, would have received from Imer D. Newman, had she lived.

   f. Damages in the nature of past and future mental anguish. These damages include the emotional pain, torment and suffering that Bonnie LeRoy experienced in the past and that, in reasonable probability, she will suffer in the future resulting from the tragic and untimely death of her mother, Imer D. Newman.

6.9 By reason of the above and foregoing, Bonnie LeRoy has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### D. Wrongful Death Damages of Carolyn Newman

6.10 Carolyn Newman is the surviving daughter of decedent, Imer D. Newman. As a direct and/or proximate result of Imer D. Newman's death, Carolyn Newman has suffered damages in the past and, in all reasonably probability, will continue to suffer damages in the future, as follows:

   g. Damages in the nature of past and future pecuniary loss resulting from the death of her mother, Imer D. Newman. These damages include the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that Carolyn Newman would, in all reasonable probability, have received from Imer D. Newman had she lived.

   h. Damages in the nature of past and future loss companionship and society and damage to the parent-child relationship. These damages include the loss of benefits flowing from the love, comfort, companionship and society that Carolyn Newman, in reasonable probability, would have received from Imer D. Newman, had she lived.

   i. Damages in the nature of past and future mental anguish. These damages include the emotional pain, torment and suffering that Carolyn Newman experienced in the past and that, in reasonable probability, she will suffer in the future resulting from the tragic and untimely death of her mother, Imer D. Newman.

6.11 By reason of the above and foregoing, Carolyn Newman has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### E. Wrongful Death Damages of Leroy Newman

6.12 Leroy Newman is the surviving son of decedent, Imer D. Newman. As a direct and/or proximate result of Imer D. Newman's death, Leroy Newman has suffered damages in the past and, in all reasonably probability, will continue to suffer damages in the future, as follows:

j. Damages in the nature of past and future pecuniary loss resulting from the death of his mother, Imer D. Newman. These damages include the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that Leroy Newman would, in all reasonable probability, have received from Imer D. Newman had she lived.

k. Damages in the nature of past and future loss companionship and society and damage to the parent-child relationship. These damages include the loss of benefits flowing from the love, comfort, companionship and society that Leroy Newman, in reasonable probability, would have received from Imer D. Newman, had she lived.

l. Damages in the nature of past and future mental anguish. These damages include the emotional pain, torment and suffering that Leroy Newman experienced in the past and that, in reasonable probability, he will suffer in the future resulting from the tragic and untimely death of his mother, Imer D. Newman.

6.13 By reason of the above and foregoing, Leroy Newman has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

### F. Wrongful Death Damages of James Newman

6.14 James Newman is the surviving son of decedent, Imer D. Newman. As a direct and/or proximate result of Imer D. Newman's death, James Newman has suffered damages in the past and, in all reasonably probability, will continue to suffer damages in the future, as follows:

m. Damages in the nature of past and future pecuniary loss resulting from the death of his mother, Imer D. Newman. These damages include the loss of care, maintenance, support, services, advice, counsel and reasonable contributions of pecuniary value that James Newman would, in all reasonable probability, have received from Imer D. Newman had she lived.

      n.      Damages in the nature of past and future loss companionship and society and damage to the parent-child relationship. These damages include the loss of benefits flowing from the love, comfort, companionship and society that James Newman, in reasonable probability, would have received from Imer D. Newman, had she lived.

      o.      Damages in the nature of past and future mental anguish. These damages include the emotional pain, torment and suffering that James Newman experienced in the past and that, in reasonable probability, he will suffer in the future resulting from the tragic and untimely death of his mother, Imer D. Newman.

6.15    By reason of the above and foregoing, James Newman has been damaged in an amount in excess of the minimum jurisdictional limits of this Court.

## VII.    COMPLIANCE WITH NOTICE PROVISIONS

7.1    Plaintiffs complied with Texas Civil Practice and Remedies Code § 74.051, and provided written notice by certified mail, return receipt requested, to Defendant of their claim prior to filing this lawsuit.

7.2    Pursuant to Texas Civil Practice & Remedies Code § 74.053, Plaintiffs do not state the amount of money by which they have been damages but state that such sum is well within the jurisdiction of this Court.

## VIII.    DEMAND FOR JURY TRIAL

8.1    Plaintiffs hereby demand a trial by jury.

## IX.    PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiffs request that Defendant be cited to appear and answer, and that on final trial, Plaintiffs have:

a. Judgment against Defendant for Plaintiffs' actual damages as set forth above, in an amount within the jurisdictional limits of this Court;

b. Exemplary damages;

c. Pre-judgment and post-judgment interest as provided by law;

  d. Costs of court; and

  e. Such other and further relief to which Plaintiffs may show themselves justly entitled.

              Respectfully submitted,

              SLOAN, BAGLEY, HATCHER & PERRY LAW FIRM

              /s/ Carson R. Runge
              M. RAYMOND HATCHER
              State Bar No.: 2402243
              CARSON R. RUNGE
              State Bar No. 24059262
              ALAN J. ROBERTSON
              State Bar No.: 24067952
              101 East Whaley Street
              P.O. Drawer 2909
              Longview, Texas 75606
              Telephone:  (903) 757-7000
              Facsimile:   (903) 757-7574

              ATTORNEY FOR PLAINTIFFS